UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

APRIL ELASTER,                      )
                                        )
      Plaintiff,                 )
                                          )
v.                                )          No. 1:26-cv-99-MJD
                                        )
KIA AMERICA, INC., and        )
KIA OF CLEVELAND, LLC,     )
                                          )
      Defendants.            )

## MEMORANDUM AND ORDER

Plaintiff April Elaster ("Plaintiff") filed this case in the Circuit Court for Bradley County, Tennessee, on February 23, 2026, against Defendants Kia of Cleveland, LLC, and Kia America, Inc. ("KOC," "Kia," and together, "Defendants") [Doc. 1-1]. Defendants removed the case to this Court on April 10, 2026 [Doc. 1]. Currently before the Court is KOC's Motion to Compel Arbitration and Dismiss, or in the Alternative to Stay Proceedings and Discovery [Doc. 17 ("Motion")], filed June 26, 2026. Neither Plaintiff nor Kia filed a response to the Motion, and the time for doing so has now passed. *See* E.D. Tenn. L.R. 7.1. The Court finds their lack of response to be a waiver of any opposition to the relief sought in the Motion. *See* E.D. Tenn. L.R. 7.2. The Motion is now ripe.

## I.     BACKGROUND

Plaintiff's claims relate to the purchase of a 2023 Kia Sorento from KOC and the alleged problems she experienced with the car after she bought it. Plaintiff alleges claims against both Defendants for breach of written and implied warranties, among other claims. In the Motion, KOC contends Plaintiff signed a valid and binding agreement to arbitrate any and all claims she has

against KOC, which the Court should enforce by ordering Plaintiff to arbitration and dismissing or staying this litigation as to any claims against KOC.

Attached to the Motion is a copy of the pertinent agreement to arbitrate ("Arbitration Agreement"), which was signed by Plaintiff and Theodore Elaster as "Customer," and by the finance manager at KOC, Majdi Awad, as "Dealer." [Doc. 17-1]. Also attached to the Motion is the Declaration of Majdi Awad, in which Mr. Awad swears that Plaintiff did indeed sign the Arbitration Agreement and acknowledged she had read and agreed to the terms of the Arbitration Agreement [Doc. 17-2]. Also attached is a printout from the Tennessee Secretary of State website indicating that KOC is a Wyoming LLC, which does have a registered agent and principal office address in Chattanooga, Tennessee [Doc. 17-3]. The Motion is further accompanied by a brief supporting the Motion [Doc. 18].

The Arbitration Agreement provides, in pertinent part:

The parties agree that, except as otherwise provided below, upon request of a party all claims, demands, disputes or controversies of any kind or nature between the Parties arising from the sale, lease or financing of the Vehicle, including but not limited to the following shall be settle[d] by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association and pursuant to the Federal Arbitration Act (9 U.S.C. § 1 et seq.): (a) the application for and the terms of any enforceability of the sale, lease or financing of the Vehicle, (b) the purchase of any warranty, service agreement, maintenance plan, or any other product or service, (c) any claims of breach of contract, negligence, misrepresentation, conversion, fraud, or unfair and deceptive trade practices, (d) any claim of a violation of any state or federal statu[t]e or regulation, (e) the Vehicle's condition, warranty, workmanship, servicing, maintenance or repair, or (f) any representations to induce you to purchase or lease the Vehicle (hereinafter collectively referred to as "Claims"). Any questions as to whether a particular controversy is subject to the Agreement shall be decided by the arbitrator.

. . . .

In the event that the Parties assert any claim [to] litigation which is covered by the above-described arbitration agreement, the Parties agree that upon the request of a party the court shall stay such claims and order those claims be arbitrated in accordance with the agreement to arbitrate.

2

. . . .

The Parties agree that once one of the parties has elected to arbitrate, binding arbitration is the exclusive method for resolving any and all Claims. By entering into this Agreement, the Parties are waiving their right to a jury trial and their right to bring or participate in any class action or multi-plaintiff or claimant action in court or through arbitration. The Parties may request arbitration under this Agreement, even after all parties have elected to litigate a Claim in court[, i]n the even[t] new Claims are asserted after the initial filing of such litigation in court.

. . . .

This Agreement shall survive the repayment of all amounts owed by you with respect to the vehicle. This Agreement is Incorporated into and made a part of all Contract(s). If there is a separate arbitration agreement in any other Contract, then to the extent this Agreement is inconsistent with any such separate arbitration agreement, this Agreement shall supersede such other arbitration agreement with respect to Claims between you and us.

Any arbitration under this agreement shall take place in Hamilton County, Tennessee. Buyer consents to jurisdiction of the court of Hamilton County, Tennessee, for the purpose of enforcing the Agreement pursuant to Federal Arbitration Act (9 U.S.C. § 1 et seq.).

BY SIGNING BELOW, THE PARTIES ACKNOWLEDGE THAT THEY HAVE READ AND AGREED TO THE TERMS OF THIS ARBITRATION AGREEMENT.

[Signature lines]

[Doc. 17-1].

## II.     ANALYSIS

The "basic purpose of the Federal Arbitration Act is to overcome courts' refusals to enforce agreements to arbitrate." *Solomon v. CARite Corp. LLC*, 837 F. App'x 355, 359 (6th Cir. 2020) (quoting *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 270 (1995)). Arbitration agreements are on "equal footing with other contracts," and therefore must be enforced according to their terms. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010). Section 2 of the FAA provides:

3

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

When considering a motion to compel arbitration, courts "'engage in a limited review' to determine whether the grievance is arbitrable." *United Food & Com. Workers, Loc. 1995 v. Kroger Co.*, 51 F.4th 197, 202 (6th Cir. 2022) (citing *Javitch v. First Union Sec., Inc*., 315 F.3d 619, 624 (6th Cir. 2003)). Courts must first determine whether there is a "valid agreement to arbitrate." *See id*. (cleaned up). If so, the court must then determine "whether the grievance 'falls within the substantive scope of that agreement.'" *Kroger Co.*, 51 F.4th at 202 (citing *Javitch*, 315 F.3d at 624). Under Section 4 of the FAA, if the court "is 'satisfied that the making of the agreement [to arbitrate]' (or its breach) 'is not in issue,' the court 'shall make an order' compelling arbitration." *Boykin v. Family Dollar Stores of Mich., LLC*, 3 F.4th 832, 837 (6th Cir. 2021) (quoting 9 U.S.C. § 4). "If instead the court finds that the 'making of the arbitration agreement' (or its breach) is 'in issue,' the court 'shall proceed summarily to the trial' on the disputed question." *Boykin*, 3 F.4th at 837 (quoting 9 U.S.C. § 4).

In this case, given the lack of opposition from Plaintiff, the Court finds the Arbitration Agreement is valid. Moreover, the Court has reviewed the complaint and finds that Plaintiff's claims against KOC fall within the substantive scope of the Arbitration Agreement, and Plaintiff has not argued otherwise. Plaintiff also has not argued that the Arbitration Agreement does not contain a so-called delegation provision[1] or that Congress did not intend for Plaintiff's federal

---

[1] The Arbitration Agreement specifically provides that, "[a]ny questions as to whether a particular controversy is subject to the Agreement shall be decided by the arbitrator." [Doc. 17-1]. In addition, the Arbitration Agreement incorporates the Commercial Arbitration Rules of the

4

statutory claims to be arbitrable. Accordingly, the Court will grant the Motion as unopposed to the extent that KOC seeks an order compelling Plaintiff to participate in binding arbitration of her claims against KOC.

As to whether the Court will stay or dismiss this case, the Court notes it is undisputed that all of Plaintiff's claims against KOC appear to be subject to binding arbitration. However, Kia has neither moved to compel arbitration of the claims asserted against nor moved to dismiss such claims, and Plaintiff has not taken a position regarding whether a stay or dismissal is appropriate as to Kia. KOC likewise does not address whether the claims against Kia should be subject to arbitration, and no party addresses the relationship between Plaintiff's claims against KOC versus Plaintiff's claims against Kia.

Arbitration agreements may indeed be applied to non-signatories, and further, whether the Arbitration Agreement in this case is applicable to Kia may well be a question for the arbitrator to decide given the breadth of the Arbitration Agreement. *See, e.g., Singh v. Interactive Brokers, LLC*, 219 F. Supp. 3d 549, 563 (E.D. Va. 2016) (noting that where "arbitrable and non-arbitrable issues are so intertwined that the resolution of the former directly impacts the resolution of the latter, a stay of the non-arbitrable issues pending completion of arbitration may be appropriate" rather than allowing litigation of non-arbitrable issues to proceed (citing *Summer Rain v. Donning*

---

American Arbitration Association, which specifically delegate to the arbitrator "the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim, without any need to refer such matters first to a court." *See* AAA Commercial Arbitration Rules and Mediation Procedures, Rule 7, *available at*: https://www.adr.org/industries/commercial/#rules-forms-and-fees; *see also Jacobs Field Servs. N. Am., Inc. v. Wacker Polysilicon N. Am., LLC*, 375 F. Supp. 3d 898, 912 (E.D. Tenn. 2019) ("When parties agree on arbitration rules giving the arbitrator the power to decide gateway decisions of arbitrability, that is clear and unmistakable evidence the parties intended to delegate such gateway decisions to the arbitrator." (citations omitted)).

*Co./Publishers, Inc.*, 964 F.2d 1455, 1461 (4th Cir. 1992))); *see also Becker v. Delek US Energy, Inc.*, 39 F.4th 351, 356 (6th Cir. 2022) (finding that question of whether non-signatory is bound by arbitration agreement is question of enforceability, not existence, and was therefore for the arbitrator to decide under arbitration agreement at issue). Moreover, courts have found that where "arbitrable and non-arbitrable issues are so intertwined that the resolution of the former directly impacts the resolution of the latter, a stay of the non-arbitrable issues pending completion of arbitration may be appropriate." *Singh v. Interactive Brokers, LLC*, 219 F. Supp. 3d 549, 563 (E.D. Va. 2016) (citing *Summer Rain v. Donning Co./Publishers, Inc.*, 964 F.2d 1455, 1461 (4th Cir. 1992)).

Under the circumstances, while it appears possible this case will return to the Court for adjudication of Plaintiff's claims against Kia (if no party seeks to address such claims in arbitration), the Court finds a stay is more appropriate than dismissal. *See Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 19 F. 4th 938, 941–42 (6th Cir. 2021)) (reasoning that a stay allows the parties to utilize provisions of the FAA "that enable a district court to facilitate an arbitration" and "a dismissal, unlike a stay, permits an objecting party to file an immediate appeal" which would undercut "the pro-arbitration appellate-review provisions" of the FAA).

## III.    CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** KOC's Motion [Doc. 17]. The Motion is **GRANTED** to the extent that Plaintiff and KOC are **ORDERED** to participate in binding arbitration of Plaintiff's claims against KOC consistent with the terms of the Arbitration Agreement, which Plaintiff **SHALL** initiate within **THIRTY DAYS** of entry of this Order. The Court **DENIES** the Motion to the extent KOC prematurely requests that the Court enter an order dismissing this case with prejudice if Plaintiff fails to timely initiate

6

arbitration proceedings. KOC may make a renewed request for relief, at the appropriate time, if Plaintiff fails to timely comply with the terms of this Order. Before making such a renewed request, KOC **SHALL** make a good faith effort to meet and confer with Plaintiff regarding the status of the arbitration, and any such renewed request **SHALL** include a certification explaining the nature and extent of KOC's good faith efforts.

The Motion [Doc. 17] is **DENIED** to the extent that KOC seeks dismissal of all claims asserted against it. Instead, the Court **ORDERS** that this case is **STAYED** as to all claims asserted against both Defendants, pending the results of the arbitration. The Court **ORDERS** all three parties to jointly file a report addressing the status of Plaintiff's claims and the arbitration proceedings every six months, with the first joint status report due February 2, 2027.

SO ORDERED.

ENTER:

/s/ _____
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

7